

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-81,534-01, WR-81,534-02 & WR-81,534-03

### EX PARTE STEPHEN FARRELL EIKELBOOM, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 94-106-K277, 94-650-K277 & 94-105-K277
### IN THE 277TH DISTRICT COURT
### FROM WILLIAMSON COUNTY

*Per curiam. Womack, J., not participating.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to three charges of burglary of a habitation. He originally received deferred adjudication community supervision for the -01 and -02 charges, and ten years' "straight" probation for the -03 charge. He was later adjudicated guilty in the -01 and -02 cases, and sentenced to twenty-five years' imprisonment in each of those cases. His probation was revoked in the -03 case, and he was sentenced to ten years' imprisonment in that case, with all three sentences running concurrently. He did not appeal his

convictions.

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance and caused his pleas to be unknowingly and involuntarily entered. Applicant alleges that trial counsel failed to discuss the facts of the case or possible defenses with him, and misrepresented the sentences he would receive if he went to trial on the charges. Although the plea papers and admonishments are in the habeas records in each case, there does not appear to have been any admonishment as to the fact that Applicant would be subject to the entire range of punishment for the offenses if he were adjudicated guilty in the -01 and -02 cases.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. Specifically, trial counsel shall state whether he advised Applicant of the State's evidence, of any possible defenses to the charges, and of his options with respect to pleading guilty or taking the cases to trial. Counsel shall state specifically whether he advised Applicant that if he were to be adjudicated guilty in the -01 and -02 cases, the adjudicating judge could sentence him to anything within the punishment range applicable to each offense. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall supplement the record with a transcript of the original plea proceedings if such a transcription is available. If there are additional plea documents or admonishments which were not included in habeas record, the trial counsel shall supplement the record with such documents. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: July 23, 2014
Do not publish